```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROY TAYLOR,
                Plaintiff,          :
        -against-                          MEMORANDUM and ORDER
                                    :
CITY OF NEW YORK; OBCC C.O.                17-CV-7360 (AJN)(KNF)
NIEVES, OBCC CAPTAIN SLACK;         :
OBCC CAPTAIN ISAAC; NYPD
OFFICER JEAN FRANCISCO; NYPD        :
SERGEANT ELVIS BADIA,
                                    :
                Defendants.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

## BACKGROUND

Plaintiff Roy Taylor ("Taylor"), proceeding pro se, filed a one-page document styled "Motion to Consider More Evidence of Altered Footage and Render Decision in My Favor," Docket Entry No. 99. The motion is not artfully drafted. However, through that document, Taylor appears to be requesting that the jurors at his trial be instructed, as contemplated by Rule 37(e)(2)(B) of the Federal Rules of Civil Procedure, that electronically stored information ("ESI"), "video footage," that is unfavorable to the defendants was not preserved by them in its original state, but has been altered. The "video footage" alleged to have been altered by the defendants is not specifically identified or described by Taylor. Moreover, Taylor does not provide any facts tending to show that the "video footage" alleged to have been altered existed, or when and how it was altered. In support of his motion, Taylor directs the Court's attention to a Memorandum Opinion and Order issued in the United States District Court, Eastern District of Virginia, addressing a sanctions motion for spoliation of a surveillance video tape recording of an assault on an inmate at a state correctional facility. In that Virginia case, the surveillance

1

video tape was not preserved by the corrections department; it was overridden in the normal course of the correctional facility's operations, although corrections personnel were aware, or should have been aware, that the surveillance video tape would be evidence in anticipated litigation. The defendants have not responded to Taylor's motion and the time for doing so has elapsed. See Local Civil Rule 6.1 of this court.

## DISCUSSION

"A document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citation omitted). However, a litigant's pro se status does not relieve him or her of the obligation to comply with relevant procedural and substantive law. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). In this judicial district,

> [e]xcept for letter-motions, as permitted by Local Rule 7.1(d) . . . all motions shall include the following motion papers: (1) A notice of motion, . . . which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; 2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and 3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. . . . Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above.

Local Civil Rule 7.1(a), (b).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu Limited v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir. 2001).

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Taylor failed to comply with Local Civil Rule 7.1(a) of this court. He did not: 1) include with his motion a notice of motion specifying the rule(s) or statute(s) pursuant to which the motion is brought; 2) file a memorandum of law setting forth the cases and authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and 3) file an affidavit(s) setting forth the factual information and portions of the record necessary for the decision of the motion. Therefore, the motion is procedurally flawed. In addition, the motion record is devoid of evidence establishing that ESI existed that should have been preserved in anticipation of litigation but was not preserved by the defendants or that any ESI alleged to have been lost cannot be restored or replaced through additional discovery. In the absence of such evidence in the motion record, no basis exists for the Court to find that any sanction authorized by Fed. R. Civ. P. 37(e) ought to be imposed on the defendants.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion, Docket Entry No. 99, is denied on procedural and substantive grounds.

**The Clerk of Court is directed to mail a copy of this order to the plaintiff.**

Dated: New York, New York
      November 13, 2020

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE