UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Roy Taylor,

            Plaintiff,

–v–

OBCC C.O. Nieves, *et al.*,

            Defendants.

17-cv-7360 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    On November 30, 2020, this Court granted summary judgment in favor of the Defendants and denied as moot all other pending motions. *See* Dkt. No. 105. Plaintiff Roy Taylor moves for reconsideration of the Court's November 30 Order. Dkt. No. 107. He also moves to add a witness and conduct additional discovery. Dkt. No. 108.

    "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). "The standard for granting a motion for reconsideration is strict because reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, No. 16-cv-6276 (AJN), 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (internal quotation marks and citations omitted).

Taylor does not identify any change in law or new evidence that would affect the outcome in this case. Instead, he simply rehashes arguments that the Court rejected in its November 30 Order. Taylor cites no evidence to support his contention that the video evidence in this case is incomplete. To the contrary, as the Court noted in its November 30 Order, the video evidence is comprehensive and consists of footage of the pepper spray incident from six different angles. It leaves no doubt about the factual circumstances of this case or the propriety of summary judgment. Nor does Taylor's factual recitation in his opposition to the motion for summary judgment differ from what appears in the video in any material respect.

Taylor also seeks additional discovery to explore his theory that the facility was not under a total lockdown at the time of the incident, and thus that he should have been allowed out of his cell to use the shower. However, whether or not the facility was under a total lockdown is irrelevant to the summary judgment analysis in this case. Undisputed evidence shows that Taylor refused to comply with orders from correctional officers to return to his cell. Whether or not those orders were reasonable or fair, the correctional officers did not violate clearly established law by using pepper spray to secure his compliance after less forceful measures proved ineffective.

The Court thus denies Taylor's motion for reconsideration (Dkt. No. 107) and his motion for further discovery (Dkt. No. 108). This case remains closed.

The Clerk of Court is respectfully directed to mail a copy of this Order to Taylor and to note the mailing on the public docket.

SO ORDERED.

Dated: December 15, 2020
    New York, New York

_____
ALISON J. NATHAN
United States District Judge